# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**SHAWN ADRIAN BARTON, et al.,**

    Plaintiffs,

                                              Case No. 08-12558

v.

                                              HONORABLE DENISE PAGE HOOD

**NL INDUSTRIES, INCORPORATED,**

    Defendant.

_____/

## ORDER REGARDING MOTION FOR SUMMARY JUDGMENT TO DISMISS CLAIMS OF 54[1] PLAINTIFFS BARRED BY THE STATUTE OF LIMITATIONS

This matter is before the Court on Defendant NL Industries, Incorporated's Motion for Summary Judgment to dismiss the claims of 54, now 48, Plaintiffs barred by the statute of limitations. A response and reply have been filed and a hearing held on the matter.

Plaintiffs filed the instant action against Defendant on June 16, 2008 alleging: Negligence (Count I); Nuisance (Count II); Trespass (Count III); and, Environmental Claim under the Michigan Natural Resources and Environmental Protection Act (Count IV). The claims are based on alleged injuries resulting from the operations at the former Master Metals smelter located on a 2.4 acre parcel at 4700 and 4740 E. Nevada Ave., Detroit, Michigan ("Site"). From 1955 to 1986, several companies conducted secondary lead smelting operations at the Site, recycling lead-acid automobile batteries and other scrap that contained lead. Defendant operated the smelter between 1964 and 1974. The Krainz Woods neighborhood is a 72-block residential area located across the street from the Site. Plaintiffs resided, or continue to reside, in the Krainz Woods neighborhood.

---

[1] In its Reply, Defendant agrees that only 48 Plaintiffs are at issue in this motion.

On January 22, 2003, the *Detroit Free Press* published the first in a series of articles that discussed the potential adverse environmental and health effects stemming from the operations at the Site. The *Detroit Free Press* published a total of 13 news articles about the former smelter. In March 2003, the Environmental Protection Agency ("EPA") conducted soil sampling in the Krainz Woods neighborhood and held a public meeting on April 9, 2003 at a local elementary school. The EPA established a neighborhood office near the Krainz Woods neighborhood and Information Repositories at four public library branches near the neighborhood. The EPA issued press releases publicizing public meetings and EPA activities in the neighborhood. The EPA also mailed various bulletins to the Krainz Woods neighborhood residents to keep the residents informed of the EPA's activities and upcoming meetings.

The Krainz Woods Neighborhood Organization held four separate monthly meetings between January and August 2003 and at least two public meetings related to lead pollution at Atkinson Elementary School in March and April 2003. Various Krainz Woods residents have testified that they learned of the lead problem from the newspaper and various meetings.

On January 20, 2006, *Brown v. NL Industries, Inc.,* was filed before the Wayne County Circuit Court, State of Michigan. Defendant removed the matter to this Court, but was later remanded on August 24, 2007. At the time the matter was remanded, there were a total of 1,283 Plaintiffs. The Court denied without prejudice a pending motion to add an additional 131 Plaintiffs to the *Brown* case since the matter had been remanded. The judge denied Plaintiffs' motion to amend the Complaint to add the 131 Plaintiffs on remand, finding that the amendment violated the Case Management Order issued by this Court since the motion was filed after the deadline set by the Court.

On June 16, 2008, a Complaint was filed in this Court on behalf of 144 Plaintiffs. Defendant now seeks to dismiss 48 of those Plaintiffs asserting that the statute of limitations bars their claims.

Rule 56(c) of the Rules of Civil Procedures provides that summary judgment should be entered only where "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23.

Defendant asserts that by 2003, Plaintiffs should have known of any alleged claim they may have against Defendant. Defendant argues that the Michigan three-year statute of limitations apply to all personal injury and property damage claims, which states, "[t]he period of limitations is 3

3

years after the time of the death or injury for all other actions to recover damages for death of a person, or for injury to a person or property." M.C.L.A. § 600.5805(1), (10). Defendant notes that in 2007, the Michigan Supreme Court retroactively abolished all judicially created discovery rules that would alter a strict application of the statutes of limitation. *Trentadue v. Gorton,* 479 Mich. 378 (2007). Defendant argues that the discovery rule set forth in the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9658, is inapplicable because its application would reinstate the discovery rule for toxic tort cases which the Michigan Supreme Court has abolished. Even if the CERCLA discovery rule is applicable, Defendant argues that the claims are still time-barred because they accrued more than three years before Plaintiffs filed their Complaint.

While Plaintiffs agree that the Michigan three-year statute of limitations apply, Plaintiffs do not agree with Defendant that the discovery rule in CERCLA is inapplicable. Plaintiffs argue that CERCLA preempts state law accrual rules if, under the state rules, the accrual date is earlier than the date set forth in the CERCLA discovery rule. Plaintiffs assert there are genuine issues of material fact as to when Plaintiffs had knowledge of their claims against Defendant.

CERCLA provides that a "federally required commencement date" will apply to personal injury and property damage claims caused by exposure to hazardous substances "if the applicable limitations period for such action (as specified in the State statute of limitations or under common law) provides a commencement date which is earlier than the federally required commencement date." 42 U.S.C. § 9658(a)(1). The "federally required commencement date" is defined as the "date the plaintiff knew (or reasonably should have known) that the personal injury or property damages ... were caused or contributed to by the hazardous substance or pollutant or contaminant concerned."

4

42 U.S.C. § 9658(b)(4)(A). CERCLA, by its terms, imposes a federal discovery rule that tolls the statute of limitations if a plaintiff should not have reasonably known that he or she was harmed by releases of hazardous substances. The federal rule only applies when it would provide a more generous statute of limitations than that mandated under state law, such as a state law which does not include a discovery rule. *O'Connor v. Boeing North American, Inc.,* 311 F.3d 1139, 1147-48 (9th Cir. 2002)("[B]ecause the federal standard under CERCLA is more generous than California law in tolling the statute of limitations when a plaintiff's discovery of her claims is delayed, the federal commencement date preempts California's discovery rule.").

The Court finds the *O'Connor* case is persuasive. It is the leading case on this issue. Given that the Michigan Supreme Court in *Trentadue, supra,* has abolished all judicially created discovery rules that would alter a strict application of the statutes of limitation, by its terms, CERCLA applies because CERCLA is more generous than Michigan's discovery rules. The federally required commencement date is the applicable accrual date in this case. 42 U.S.C. § 9658(a)(1).

Plaintiffs have the burden of proving that they have satisfied the requirements of the discovery rule. *O'Connor,* 311 F.3d at 1150. Summary judgment is improper unless the only reasonable inference that can be drawn is that Plaintiffs knew or should have known more than three years (M.C.L.A § 600.5805(1), (10)) before filing their claims that Defendant caused their alleged injuries.

In this case, Plaintiffs agree with Defendant that there were articles beginning in January 2003 about lead contamination and community meetings were held in 2003. However, Plaintiffs assert that it was not until 2005 that the Phase III Closure Report was submitted to the EPA that detailed the extent of the contamination and remediation. Plaintiffs argue that the question of when

5

any given person knew is inherently a highly individualized question.

The Court finds that there was sufficient information available to the Krainz Woods residents to gain knowledge about the potential danger from the Site, based on the series of articles published beginning January 2003 and the various community meetings held in 2003. However, the standard on summary judgment on this is issue is whether the "only" reasonable inference to be drawn is that Plaintiffs knew or should have known that their injuries were caused by Defendant. As noted in *O'Connor,* the record must "lead inexorably to a single inference that plaintiffs knew or suspected the cause of their injuries" outside the applicable limitations period. *O'Connor,* 311 F.3d at 1150. Plaintiffs demonstrated in their Response that based on the answers to an 80-page plus questionnaire the parties agreed to, along with a supplemental questionnaire focused on the statute of limitations issue, Plaintiffs' responses note that they did not find out about the lead in the Krainz Woods neighborhood until sometime in 2006. (Resp., Ex. 4) Of the 48 Plaintiffs, only six had seen the articles. (*Id.*) Based on the responses submitted by Plaintiffs, there are genuine issues of material fact as to whether or not Plaintiffs knew or should have known about the lead from the Site outside the three years statute of limitations. Plaintiffs assert in their responses that they learned of the lead sometime in 2006, which is well within the three years period of limitation from when the Complaint was filed in 2008. It is plausible that Plaintiffs remained unaware of the health risks caused by the contamination, particularly if they did not learn about the contamination from the media. Additionally, it was not until sometime in 2005 that the final report was submitted to the EPA detailing the extent of the contamination in the neighborhood. The Court cannot make a credibility determination under Rule 56 as to whether or not Plaintiffs' responses to the questionnaires are credible. The Court must draw all inferences in the light most favorable to Plaintiffs since they are

the non-moving party. Defendant's Motion for Summary Judgment to dismiss the claims of 48 Plaintiffs is denied.

Accordingly,

IT IS ORDERED that Defendant's Motion for Summary Judgment to Dismiss Claims of 54 (now 48) Plaintiffs Barred by the Statute of Limitations **(No. 27, filed 11/5/2009)** is DENIED.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: September 30, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2010, by electronic and/or ordinary mail.

        S/William F. Lewis
        Case Manager