**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**SHAWN ADRIAN BARTON,**
**et al.,**
                    **Plaintiffs,**          **CIVIL ACTION NO. 08-cv-12558**

          **vs.**                    **DISTRICT JUDGE DENISE PAGE HOOD**

**NL INDUSTRIES, INC.,**              **MAGISTRATE JUDGE MONA K. MAJZOUB**

                    **Defendant.**
_____/

## OPINION AND ORDER GRANTING IN PART AND STRIKING IN PART DEFENDANT NL INDUSTRIES, INC.'S MOTION TO COMPEL PLAINTIFFS TO APPEAR FOR DEPOSITIONS AND TO ANSWER DISCOVERY (DOCKET NO. 45)

        This matter comes before the Court on Defendant NL Industries, Inc.'s Motion To Compel Plaintiffs To Appear For Depositions And To Answer Discovery filed on October 8, 2010. (Docket no. 45). Plaintiffs did not file a Response. The motion was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 46). The parties filed a Joint Statement Of Resolved And Unresolved Issues Related To Defendant's Motion To Compel Plaintiffs To Appear For Deposition And To Answer Discovery on December 6, 2010. (Docket no. 50). The Court dispenses with oral argument on this matter pursuant to E.D. Mich. Local Rule 7.1(f). (Docket no. 47). The motion is now ready for ruling.

        This action is brought by 144 Plaintiffs who are former residents of the Krainz Woods neighborhood in Detroit. (Docket nos. 1, 50). They bring this action against Defendant alleging negligence, nuisance, trespass, and an environmental claim under the Michigan Natural Resources and Environmental Protection Act. Plaintiffs allege injuries from the operation of the Master Metals

-1-

smelter located adjacent to the Krainz Woods neighborhood.  The smelter which was operated from 1955 to 1986 by several companies, including Defendant, who allegedly operated the smelter from 1964 to 1974.  (Docket no. 1).

Defendant brings this motion seeking to compel Plaintiffs to appear for deposition and seeking to compel Plaintiff to produce answers to interrogatories, responses to requests to produce documents, complete questionnaire "updates" and signed authorizations for records.  On February 3, 2011 The District Court entered an Order Regarding Plaintiffs' Motion For Relief From Case Management Order and Motion For Protective Order.  (Docket no. 51).  The Order allows a bifurcated trial as Plaintiff proposed.   The Order required the parties to submit a proposed joint revised case management order as to discovery no later than February 14, 2011.  The parties extended the date to submit to proposed case revised management order, and, unable to agree, submitted separate orders.

The February 3, 2011 Order addresses bifurcating the trial for the purpose of trying causation issues first, as Plaintiffs argued that the expense of their medical expert examining the Plaintiff's would be costly, as would the property appraiser, and would not be necessary if Defendant prevailed on the first phase of the bifurcated trial.  The Court does not find that compelling Plaintiff's to respond in full to Defendant's outstanding written discovery or attend depositions noticed by Defendant implicates the same considerations of expenses related to experts and, indeed, Defendant is entitled to pursue discovery from the Plaintiffs.

In their Joint Statement of Resolved and Unresolved Issues Related To Defendant's Motion, the parties agree that 19 additional Plaintiffs have updated their questionnaires leaving 22 Plaintiffs who have not done so and 9 additional Plaintiffs have provided authorizations for the release of

records, with a remaining 30 Plaintiffs who have not done so.  In addition, the parties have agreed to the following:

      1) Plaintiffs agreed to provide the updated questionnaires for the remaining 22 Plaintiffs who have not done so and Plaintiffs' counsel will move to withdraw from representing those Plaintiffs who have failed to provide the questionnaires (docket no. 50 p.3); and

      2) Plaintiffs agreed to provide the authorizations for records for the 30 Plaintiffs who have not yet done so and Plaintiffs' counsel will move to withdraw from representing those Plaintiffs who have failed to provide the authorizations (docket no. 50 p. 4).

The Court will order compliance with these agreements as set forth in the Joint Statement (docket no. 50).

      With respect to the remainder of Defendant's Motion, Defendant has not provided the Notices of Deposition, requests to produce and interrogatories at issue as required by E.D. Mich. Local Rule 37.2.  Local Rule 37.2 provides:

> Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion.

Defendant's Motion includes copies of transmittal letters relating to the Notices of Deposition and Interrogatories, but not the actual discovery requests.  The Court also notes that Electronic Filing Policies and Procedures R5(e) provides that a "response or reply to a motion must not be combined with a counter-motion.  Papers filed in violation of this rule will be stricken."  For these reasons the Court will strike without prejudice the remainder of Defendant's Motion To Compel Plaintiffs To

Appear For Deposition And To Answer Discovery, which are those portions of Defendant's Motion which were not resolved by the parties' Joint Statement.  (Docket no. 45).

**IT IS THEREFORE ORDERED** that Defendant NL Industries, Inc.'s Motion To Compel Plaintiffs To Appear For Depositions And To Answer Discovery is **GRANTED in part** to the extent that the parties have resolved the following issues:

1) Plaintiffs will provide the updated questionnaires for the remaining 22 Plaintiffs on or before March 16, 2011 and

2) Plaintiffs will provide the authorizations for records for the remaining 30 Plaintiffs on or before March 16, 2011.

**IT IS FURTHER ORDERED** that the remainder of Defendant NL Industries, Inc.'s Motion To Compel Plaintiffs To Appear For Depositions And To Answer Discovery (docket no. 45) is **STRICKEN without prejudice.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: March 2, 2011               s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: March 2, 2011               s/ Lisa C. Bartlett
                                   Case Manager

-4-